# EXHIBIT "A"

9/12/2016 10:29:22 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-004446
Chloe Jimenez

CAUSE NO. <u>D-1-GN-16-004446</u>

| | | |
|---|---|---|
| TED BORGER,<br> *Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| SAFECO INSURANCE COMPANY | § | TRAVIS COUNTY, TEXAS |
| OF INDIANA and ASHLEY | § | |
| RICHARDS, | § | |
|  *Defendants* | §<br>§<br>§<br>§ | <u>353RD</u> JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ted Borger ("Borger"), Plaintiff herein, and file this *Plaintiff's Original Petition & Request for Disclosure* against Safeco Insurance Company of Indiana ("Safeco") and Ashely Richards ("Richards"), as Defendants, and in support thereof, would show this Honorable Court as follows:

### I.
### PARTIES

Borger is an individual and resident of Travis County, Texas.

Safeco is an Indiana insurance company, doing business in Texas and registered to do business in Texas. Safeco can be served with process by serving its registered agent, Corporation Service Company, at 211 East 7th Street Suite 620 Austin TX 78701 - 3218.

Richards is a licensed adjuster by the State of Texas, who is a resident and citizen of the State of Texas and who may be served at the address listed with the Texas Department of Insurance, which is 8225 N FM 620, Apt. 1813, Austin, TX 78726, or wherever she may be found.

## II.
## DISCOVERY

This case should be governed by TEX. R. CIV. P. 190.3, a Level Three case.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this matter as the damages suffered by Borger as a result of the conduct and actions of Defendants exceed the minimum jurisdictional limitations of this Honorable Court.  As required by Rule 47(c) of the Texas Rules of Civil Procedure, Borger's counsel states that Borger seeks monetary relief between $200,000 and $1,000,000.  The amount of monetary relief actually awarded will ultimately be determined by the trier of fact.

Venue is proper as all or a substantial part of the events giving rise to this lawsuit occurred in Travis County, Texas.  At the time of the accrual of Borger's causes of action, Borger resided in and currently resides in Travis County, Texas. The property made the basis of this lawsuit is located in Travis County, Texas.

## IV.
## BACKGROUND

Safeco issued Borger a first party all risk insurance property policy, Number OY7249573 (the "Policy").  At all times material the Policy was in full force and effect.

---

Toward the end of 2015, Borger was unable to come to terms on the sale of his Safeco insured property located at 17124 Copperhead Drive, Round Rock, Texas 78664, with a long-term tenant. As a result he informed said tenant that they would be selling the house and placing it on the market in early 2016. Unfortunately, the tenant became upset with this decision and destroyed Borger's property that she was leasing. When their tenant failed to pay her monthly rent for January 2016 (due Jan. 1), having never missed a rental payment prior in more than two years, Borger visited his insured property on January 5, 2016. He found the property vacated by the tenant and destroyed. Borger had no knowledge of this damage before his visit on January 5, 2016.

The loss Borger sustained was covered under the Policy and he promptly and timely made a claim with Safeco the next day on January 6, 2016.  Richards, a person engaged in the business of insurance, was assigned to adjust, investigate, and pay Borger's covered claim.  But instead of carrying out her duties and obligations, Richards did the opposite – she failed to adjust the loss correctly, based her decision on a 10 minute investigational walk through of the property, made misleading and false claims regarding her investigation and Safeco's failure to pay his claim, and refused to pay Borger's covered loss and claim. On January 11, 2016, Borger received a letter from Safeco stating they had denied his claim because the damage was not vandalism or otherwise covered, but rather that Richards' *"investigation revealed that that the upstairs bathroom has a leak and the water softener in the garage has failed causing damages to the property."*

Borger hired his own consultant who determined his loss was covered under the Policy and should be paid, finding no relevant leaks[1]. When Richards visited Borger's property, the floor to the upstairs bathroom was still covered in water, to the point that the clothes on the ground were soaked, and the water had wicked up the drywall so that the whole bathroom needed to be gutted, and yet there was no evidence of where the water was coming from. Borger's consultant confirmed that this was not consistent with *"leakage of water or steam that occurs over a period of weeks, months, or years,"* which Richards' initial denial letter stated was excluded under Borger's policy. The Borger's hired consultant concluded that what Richards' observed would rather be consistent with either a toilet overflow or intentional plugging of a bath tub as an act of vandalism, both which would be covered under the Policy. Safeco demanded a copy of Borger's consultant's report but offered nothing in return – no competing report, no explanation why the report was unreliable or not credible, and/or any basis not to pay. On January 21, 2016, Borger received a second denial of their claim from Richards on behalf of Safeco, only modified in that Richards now claimed the property was not vandalized, but *"that there was a lack of cleanliness and maintenance with regards to the property."*

For months, Borger has had to spend his own time and money doing the repairs himself, spending nights away and weekends away from his wife and children. Borger was also been prevented from traveling to Oregon to visit his parents-in-law before they passed away from cancer due to devoting so much time and effort to this claim

---

[1] The only leak was outside the property and unrelated.

and the property's repairs. Borger was also unable to be available to help his wife grieve in her time of need during her parents' illnesses and death.

Borger has complied with all conditions precedent and proper notice has been given and/or waived by the Defendants.

## V.
### BREACH OF CONTRACT
### (SAFECO)

The conduct of Safeco constitutes a breach of contract in that it has failed to pay the full amount of Borger's covered loss and claims in accordance with the Policy.

## VI.
### VIOLATIONS OF TEXAS PROMPT PAY ACT
### (SAFECO)

The conduct of Safeco violates the Texas Prompt Payment Statute entitling the Borger to eighteen percent (18%) interest, as well as reasonable attorney's fees.  Safeco has received all items from Borger necessary to pay the covered claim, Safeco is liable for the amount of Borger's claim, but Safeco violated TEX. INS. CODE ANN.  §542.060 by not timely paying Borger's claim.

## VII.
### VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT
### AND TEXAS INSURANCE CODE
### (SAFECO AND RICHARDS)

Defendants' actions constitute violations of TEX. BUS. & COMM. CODE ANN. §17.46(b) as well as TEX. INS. CODE ANN. §541.061, singularly or in combination, and directly or via the tie-in provision of the DTPA regarding the Insurance Code, including, but not limited to the following:

a. Causing confusion and/or misunderstanding about the sponsorship, approval and/or certification of the Safeco insurance policy;

b. Not attempting in good faith to bring about a prompt, fair, and equitable settlement of Borger's claim when Safeco's liability became reasonably clear;

c. Not promptly giving Borger a reasonable explanation, based on the policy as it relates to the facts for Safeco's delay in payment and/or ultimate denial of Borger's claims, or for the offer of compromise or settlement of Borger's claims;

d. Refusing to pay Borger's claim without conducting a reasonable investigation;

e. Failing to pay Borger's claim and loss in a timely manner; and

f. Engaging in an <u>unconscionable course of action</u>, which is defined in the Act as an act or practice that takes advantage of a consumer's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and to the detriment of the consumer. TEX. BUS. & COM. CODE §17.45(5).

These false, misleading, and/or deceptive acts or practices committed by Defendants were relied upon by Borger to his detriment, and were the producing cause of his damages, including actual damages, expenses, and attorney's fees.

In addition, Defendants knowingly and/or intentionally violated the Texas Deceptive Trade Practices Act and/or Texas Insurance Code in their conduct with Borger and, as a result, he is entitled to additional statutory damages for Safeco's conduct

## VIII.
## AGENCY

Richards is an agent for Safeco. All acts alleged herein on behalf of Richards were done in the course and scope of her agency employment with Safeco and/or with

the actual and/or apparent authority of Safeco.  Richards's conduct is thereby imputed

to Safeco and Safeco is liable for Richards's misconduct.

## IX. NEGLIGENT HIRIRING, RETENTION, AND SUPERVISION

## (SAFECO)

Safeco was further negligent in its hiring, supervising, training and retention of

Ms. Richards, including its failure to conduct proper background checks on its employee.

Said negligence has proximately caused Borger damages as pled herein.

## X.
## DAMAGES

In addition to actual damages, Borger rightfully seeks recovery of any and all

additional, double, treble and/or extra damages, mental anguish damages, and any and

all other damages as allowed and defined by statute or common law for the knowing

and intentional conduct of Defendants.  Borger also makes demand of Defendants to

pay all costs of court related to the prosecution of this matter.

As a result of the conduct of Defendants, Borger has incurred damages and been

damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## X.
## ATTORNEY'S FEES

As a result of the foregoing, Borger employed the services of Kitchens Law Firm,

P.C. and associated counsel to protect and prosecute his interests and claims in this

matter.  Borger seeks recovery of her reasonable attorney's fees for the prosecution of

this case, all original proceedings, and all appellate proceedings including any appeals.

## XI.

### JURY DEMAND AND PRAYER

Borger respectfully requests a trial by jury.

### XII.
### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, the Defendants are requested to disclose, separately and within fifty (50) days of service of this request, the information and material described in Rule 194.2.

### XIII.
### ATTACHMENTS

Attached hereto are:

1.      Demand Letter[2]

### IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Borger prays that the Defendants be served with process and a copy of this suit and that upon final trial of this matter, Borger have:

   a. Judgment against Defendants, jointly and severally, for a just and reasonable sum;

   b. Judgment for all extra, treble, and/or additional damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act;

   c. Judgment for all reasonable attorney's fees as prayed for herein;

   d. Judgment for all prejudgment and post-judgment interest for which Borger may show himself justly entitled and at the maximum legal rate allowable by law;

   e. Judgment for all costs of court; and

---

[2] Without attached photo and video exhibits, which were voluminous.

f.   Such other and further relief to which Borger may be entitled.

KITCHENS LAW FIRM, PC

By: _____
John C. Kitchens
Texas Bar No. 00796893
2901 Bee Cave Rd., Box E
Austin, Texas  78746
Tel. (512) 476-1176
Fax. (512) 476-1910
jkitchens@johnkitchenslaw.com

*ATTORNEY FOR PLAINTIFF*

---

EXHIBIT A

Unofficial copy Travis Co. District Clerk Velva L. Price



**KITCHENS**
**& ASSOCIATES**

John C. Kitchens
*Attorney*

July 21, 2016

**Via E-Mail:** *Edweli@safeco.com*
**Via CMRRR #: 7016 0600 0000 0897 9968**
Mr. Edward Elizondo
Safeco Insurance
P.O. Box 515097
Los Angeles, CA 90051

Re:     **Claim Number:**       **677730416034**
          **Insured:**               **Ted Borger & Melani Borger**
          **Date of Loss:**        **January 6, 2016**
          **Policy No.:**            **OY7249573**
          **Location of Loss:**   **17124 Copperhead Drive, Round Rock, Texas 78664**

Dear Mr. Elizondo:

     We have been retained by Ted and Melani Borger to pursue their cause of action as it pertains to the above referenced incident. Please direct any communications, be they written or oral, about this matter to my attention.

<h3 style="text-align:center">I.     Facts</h3>

     Toward the end of 2015 our clients were unable to come to terms on the sale of their rented private property, located at 17124 Copperhead Drive, Round Rock, Texas 78664, with a long-term tenant. As a result they informed said tenant that they would be selling the house and placing it on the market in early 2016. Unfortunately their tenant became upset with this decision and destroyed our clients' property that she was leasing. When their tenant failed to pay her monthly rent for January 2016, having never missed a rental payment prior in more than two years, our client Ted Borger visited his property on January 5, 2016. He found their property vacated by the tenant and destroyed. The tenant had already moved out most of her things and left the house in a condition that would make it impossible for our clients to sell it as they had planned, or lease it until the damage was corrected. The neighbors in the area surrounding the house confirmed that the tenant threw at least two large parties at our clients' property during the time between our clients giving their tenant notice of putting the house on the market and vacating the property. Our clients had no knowledge of this damage before Mr. Borger's visit on January 5, 2016.

     When Mr. Borger visited the property on that date he found the 2nd floor bathroom completely flooded to the point that the whole bathroom needed to be gutted, at a cost of around $14,000 in water damage remediation, as well as substantial additional repair costs throughout the house. Our clients believe that the tenant likely intentionally plugged the bathtub and let the water run over, suddenly and

1

disastrously, as an act of vandalism, and due to anger over our clients' decision to sell the property. Our clients have provided us with multiple pictures of the destroyed property attached hereto as Exhibit "A" as well as 3 narrated videos of the property and its damages, attached hereto as Exhibit "B".

## II.    Denial of Claim

On January 6, 2016, our clients filed a claim for damage under their Homeowners policy with your company to receive funds to remedy this damage. You were assigned as our clients' claim representative to investigate their claim and assist them with repairing their property under their coverage through Safeco Insurance Company, and subsequently performed a brief walk through to assess the daamge. On January 11, 2016, our clients received a letter from you stating that you had denied their claim because the damage was not vandalism, but in fact *"your investigation revealed that that the upstairs bathroom has a leak and the water softener in the garage has failed causing damages to the property."*

Our clients were astounded by your decision. Our clients were unsure as to how you determined there was a leak on the property without more than a ten minute walk through. Our clients further informed us that when you visited their property, the floor to the upstairs bathroom was still covered in water, to the point that the clothes on the ground were soaked, and the water had wicked up the drywall so that the whole bathroom needed to be gutted, and yet there was no evidence of where the water was coming from. This is not consistent with *"leakage of water or steam that occurs over a period of weeks, months, or years,"* which your initial denial letter stated was excluded under their policy. What you and they observed would rather be consistent with either a toilet overflow, which would be covered under the policy, or what our clients believe actually happened; the tenant left the bath water running and plugged the bathtub intentionally to flood the bathroom before they moved out. This contractor's report is attached hereto as Exhibit "C", which you have already received.

Our clients wrote a response letter to your initial denial claim and provided you with the professional leak detection report cited above as Exhibit "C," stating there were no leaks found. However, they simply received another denial of their claim from you on January 21, 2016, only modified in that you now claimed the property was not vandalized, but *"that there was a lack of cleanliness and maintenance with regards to the property."* Our clients are confident that the property was vandalized, or negligently destroyed by specific acts of human carelessness, and your lack of thorough investigation, refusal to accept clear evidence and professional evaluations that there was no leak, and obstinate denial of their claim has led to this claim.

To date, our clients have incurred $22,873.36[1] in compensable property damage as a result of this claim (please see multiple estimates our clients received for the repairs needed jointly attached hereto as Exhibit "D"), $5,023.07 for purchases made at Home Depot by our clients for materials needed for repairs, loss of rent at approximately $9,000, while the property was being repaired, and $6,750 (approximately 150 hours at $45/hour) in compensable lost time for Mr. Borger in addressing the water softener, garage dry wall, and bathroom sealant (not included in any estimates in Exhibit "D"), available as consequential damages for breach of contract or as lost time damages under the Texas Deceptive Trade Practices Act.

---

[1] $22,873.36 includes the $6,500 estimate from Hill Building Specialists for the 2nd floor bathroom remodel, the $3,216 estimate from Empire Today for carpet replacement, and $13,157.36 estimate from AdvantaClean for the water damage remediation on the entire property. AdvantaClean's estimate shows a higher amount because we subtracted line items #11 and #20 ($826.60) from the summary, as Mr. Borger performed those repairs himself. Our clients have actually incurred additional damages for further replacement costs they are prepared to assert if this claim proceeds to litigation.

2

Section 542.060 provides that if the insurer does not promptly pay, or address, a legitimate claim in compliance with the deadlines imposed by Section 542, then the insurer is liable to pay the holder of the policy, in addition to the amount of the claim, a penalty of 18% per annum in damages and the insured's attorney's fees. TEX. INS. CODE ANN. §542.060.

### III.    Demand

However, my clients also realize that such a proceeding will be costly and time-consuming for both parties, and are accordingly now prepared to settle and release all claims against SafeCo Insurance Company if it will acknowledge that the damage done to our clients' property was indeed covered under their policy, and agree to process their claim so that their property may be repaired, as well as paying $3,000 in reasonable and necessary attorney's fees incurred to date for a total of $46,646.43. If SafeCo Insurance Company will agree to this proposal, my clients are prepared to grant SafeCo Insurance Company a full release of claims.  Otherwise, they will proceed with all available claims under the insurance code, DTPA, and common law.

This offer will remain open until the close of business on Friday, August 12, 2016, providing you with all requisite time to evaluate our claims pursuant to Texas Insurance Codes 541 and 542. Under Texas law, an insurer has 15 business days from its receipt of notice of a claim to: (a) acknowledge receipt of the claim in writing; (b) begin to investigate the claim; and (c) request all necessary documents from the policyholder. TEX. INS. CODE ANN. § 542.055. The acknowledgement of the claim must be in writing to satisfy Section 542.055 of the Texas Insurance Code.  If you are not prepared to satisfy our clients' demand we will immediately proceed to filing suit for all available claims, including bad faith insurance practices as defined under the Insurance Code § 541.

Please contact me if I can provide anything further to help you evaluate this proposal.

Sincerely,

John C. Kitchens
Attorney for clients
Ted & Melani Borger

cc: Mr. Robert Campbell
Safesco Insurance
*Robert.Campbell@safeco.com*

3

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-004446**

Filed in The District Court
of Travis County, Texas

SEP 1 5 2016 *NNR*

At _____ 3.27p_____M.
Velva L. Price, District Clerk

TED BORGER

vs.

SAFECO INSURANCE COMPANY OF INDIANA AND ASHLEY RICHARDS

, Defendant

TO:   SAFECO INSURANCE COMPANY OF INDIANA
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET, SUITE 620
      AUSTIN, TEXAS 78701      .

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION AND REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 12, 2016 in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 13, 2016.

REQUESTED BY:
JOHN CHARLES KITCHENS
2901 BEE CAVE RD., BOX E
AUSTIN, TX 78746
BUSINESS PHONE:(512)476-1176  FAX:(512)476-1910

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JIMENEZ CHLOE

-- - -- - -- - -- - -- - **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the ____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named_____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____                  _____
                                                 Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.        By:_____

                                                 Printed Name of Server

                                                 _____, County, Texas

_____
Notary Public, THE STATE OF TEXAS

**D-1-GN-16-004446**                             SERVICE FEE NOT PAID        P01 - 000044297

⊡Original    ⊡Service Copy


004803071

IN THE 353RD JUDICIAL DISTRICT
TRAVIS COUNTY, TEXAS

## CAUSE NO: D-1-GN-16-004446

TED BORGER
VS
SAFECO INSURANCE COMPANY OF INDIANA AND ASHLEY RICHARDS

# RETURN

Came to my hand:  __09/13/2016__ , at  __05:00__  o'clock  __P.M__ , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition and request for Disclosure**
- **Jury Demand**

and executed by me on:  __9 / 14  /2016__ , at  __12:53__  o'clock  __P.M.__ , at

__211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701,__ within the county of TRAVIS, by delivering to __SAFECO INSURANE COMPANY OF INDIANA,__ by delivering to its registered agent, __CORPORATION SERVICE COMPANY,__ by delivering to __SUE VERTREES__ , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: __Kelly Land  SCH5912__
Expiration Date: __10 / 31 /2018__
**ASSURED CIVIL PROCESS AGENCY**
5926 Balcones Dr. Ste. 290, Austin, TX 78731

STATE OF TEXAS        }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the __14th__ day of __SEPTEMBER__ , 2016

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-28-2020
Notary ID 4733578

**Notary Public**

10/7/2016 4:36:10 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-004446**
**Irene Silva**

CAUSE NO. D-1-GN-16-004446

| | | |
|---|---|---|
| **TED BORGER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA and ASHLEY RICHARDS,** | § | |
| **Defendants** | § | **353RD JUDICIAL DISTRICT** |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Safeco Insurance Company of Indiana and Ashley Richards and file this Original Answer to Plaintiff's Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants deny each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of the evidence at the final trial of this case.

WHEREFORE, PREMISES CONSIDERED, Defendants Safeco Insurance Company of Indiana and Ashley Richards respectfully pray that upon final hearing hereof, Plaintiff Ted Borger take nothing by reason of this action, that Defendants be awarded their costs of court, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: _____
     Catherine L. Hanna
     State Bar No. 08918230
     Email: channa@hannaplaut.com
     Laura D. Tubbs
     State Bar No. 24052792
     Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this _____ day of October, 2016 to:

*Via Facsimile (512) 476-1910*
John C. Kitchens
Kitchens Law Firm, PC
2901 Bee Cave Road, Box E
Austin, Texas 78746
*Attorneys for Plaintiff*

_____
Laura D. Tubbs