# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TED BORGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-1140-SS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND ASHLEY RICHARDS, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR COSTS AND EXPENSES (WITH INCORPORATED BRIEF)**

**TO OUR HONORABLE UNITED STATES DISTRICT JUDGE SPARKS:**

Plaintiff Ted Borger files this Motion for Remand pursuant to 28 U.S.C. § 1447(c). Plaintiff respectfully requests that this insurance Bad Faith and Deceptive Trade Practices case be returned to the 353rd Judicial District Court of Travis County, Texas. As grounds for such requested remand, Plaintiff respectfully shows the Court as follows:

## I. BACKGROUND

Safeco issued Mr. Borger a first party all risk insurance property policy, Number OY7249573 (the "Policy"). Toward the end of 2015, Borger was unable to come to terms with a long-term tenant on the sale of his Safeco insured property located at 17124 Copperhead Drive, Round Rock, TX 78664. As a result he informed the tenant that he would be selling the house and placing it on the market in early 2016. Unfortunately, the tenant became upset and apparently destroyed Borger's property that she was leasing; what is clear is that the property suffered a covered loss with no basis for coverage denial. When his tenant failed to pay her monthly rent for January 2016 (due Jan. 1), having never previously missed a rental payment in more than two

years, Borger visited his insured property on January 5, 2016. He found the property vacated by the tenant and badly damaged by water. Borger had no knowledge of this damage before his visit on January 5, 2016.

<u>Plaintiff's detailed claims against Defendant Richards are plainly stated in his Petition[1], as follows:</u>

On January 6, 2016, Borger submitted a claim to Safeco. Borger readily made his property available for inspection. Safeco assigned Mr. Borger's claim to its adjuster, Defendant Ashley Richards. Defendant Richards based her decision on a 10 minute cursory walk through of the property, made misleading and false claims regarding her investigation and Safeco's failure to pay his claim, and refused to pay Borger's covered loss and claim. On January 11, 2016, Borger received a 3-page letter from Richards stating they had denied his claim because the damage was not vandalism or otherwise covered, but rather that Richards' *"investigation revealed that that the upstairs bathroom has a leak and the water softener in the garage has failed causing damages to the property."* For these reasons, Richards stated that Safeco was "*unable to provide payment for the damages you have claimed because your policy does not provide coverage for this loss.*"

Borger sent a response letter to Defendant Richards explaining that when Richards visited Borger's property, the floor to the upstairs bathroom was still covered in water and the water had wicked up the drywall so that the whole bathroom needed to be gutted, and yet there was no evidence of where the water was coming from. This was not consistent with *"leakage of water or steam that occurs over a period of weeks, months, or years,"* which Richards' initial denial letter stated was excluded under Borger's policy. Borger also explained that what Richards' observed

---

[1] See Exhibit A, Plaintiff's Original Petition, at pp. 2-6.

would rather be consistent with either a toilet overflow or intentional plugging of a bath tub as an act of vandalism, both which would be covered under the Policy.

However on January 21, 2016, Borger received a second denial of their claim from Richards on behalf of Safeco, only modified in that Richards now as a basis for denial claimed the property was not vandalized, but *"that there was a lack of cleanliness and maintenance with regards to the property."*

Adjuster Richards' two denial letters are an unequivocal denial of Mr. Borger's claim. The letters do not request any additional information, nor does Richards suggest that any additional information is needed to evaluate the claim. No examination under oath was requested of Borger or any other witness to the loss prior to denial.

Mr. Borger filed this lawsuit in the 353rd Judicial District Court of Travis County, Texas on September 12, 2016. In this lawsuit, Borger specifically alleges that adjuster Richards engaged in acts or practices that violated the Unfair Settlement Practices prohibitions of Chapter 541 of the Texas Insurance Code – specifically, TEX. INS. CODE §§ 541.060, and violations of the Texas Deceptive Trade Practices Act. Borger also alleges that Safeco also violated the afore-mentioned laws, as well as engaged in breach of contract and violations of the Prompt Pay Act – specifically, TEX. INS. CODE §§ 542.060, and violations of the Texas Deceptive Trade Practices Act. Plaintiff served Safeco on September 14, 2016, and Defendant Safeco and Defendant Richards answered jointly on October 7, 2016.

Defendants removed this case to this Court on October 13, 2016, alleging that Richards was "improperly joined." Plaintiff did not consent to the removal. This Motion for Remand is filed by Plaintiff less than thirty (30) days from the date the case was removed to federal court. Accordingly, this motion is timely filed.

## II. ARGUMENT and AUTHORITIES

### A. Defendant Bears the Heavy Burden of Showing Improper Joinder

The removing party bears the burden of establishing that federal jurisdiction exists. *Gasch v. HartRichards Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The burden placed upon those who allege improper joinder to create diversity jurisdiction is a heavy one. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *Smallwood v. Illinois Central R.R.Co.*, 385 F.3d 568, 572 (5th Cir. 2004). There are two (2) ways to establish improper joinder: (1) actual fraud in pleading the jurisdictional facts; or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch*, 491 F.3d at 281 (*citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). The defendants admit that Richards is a resident of the State of Texas – same as Plaintiff – so there is no "actual fraud in the pleading of jurisdictional facts". *Id*. at 282. Safeco, as in *Gasch*, relies on the "second prong" of what is required to show "improper joinder". Safeco bases its removal on the second prong of the improper joinder test. (See Exh. B, Safeco's Notice of Removal at pg. 6).

In arguing the inability to establish a cause of action against the non-diverse Defendant, the Court may conduct a Rule 12(b)(6) type analysis. *Smallwood*, 385 F.3d at 573; *West End Square, Ltd. v. Great American Ins. Co*., 2007 WL 804714 *2 (N.D. Tex. 2007). In doing so, the Court looks to the allegations against the in-state Defendant. *Id*. A merits inquiry is to be avoided. *Smallwood*, 385 F.3d at 573. The exception will be where the Plaintiff has omitted or misstated facts that would determine the propriety of joinder. *Smallwood*, 385 F.3d at 573; *West End Square*, 2007 WL 8047R4 at 2. The types of cases which require summary inquiry will be few in number.

*Smallwood*, 385 F.3d at 573. However, the Court should still avoid a merits determination in evaluating joinder, and at most make a summary inquiry. *Id.* at 573-574.

Any ambiguities are construed against removal and in favor of remand to state court. *Mehar Holdings LLC v. Evanson Ins. Co.,* 2016 WL 595-7681,4 (W.D. TX. 2016), *citing Hood ex rel. Mississippi v. JO Morgan Chase & Co.,* 737 F. 3d 78, 84, (5th Cir. 2013). As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. *Smallwood*, at 573-74. The removal statute is therefore to be strictly construed, **and any doubt about the propriety of removal must be resolved in favor of remand.** *Id.* [Emphasis supplied].

### B. Adjusters May be Individually Liable Under the Tex. Insurance Code & DTPA as Plaintiff has Plead

#### 1. Ins. Code Violations

It is well settled that an insured has a cause of action against an insurance agent who violates Tex. Ins. Code Ann. § 541.060 and 541.061. *Liberty Mutual Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998); *see also Gasch v. Hart Richards Accident Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *see also Mehar Holdings, LLC v. Evanston Ins. Co., No. 5:16-CV-491-DAE, 2016 WL 5957681, (W.D. Tex. Oct. 14, 2016).* Plaintiff's Original Petition makes clear that Richards engaged in acts or practices that violated the Unfair Settlement Practices prohibitions of Chapter 541 of the Texas Insurance Code – specifically, TEX. INS. CODE §§ 541.060 (a)(2) & (a)(3), 541.060(a)(4)(A), and 541.060(a)(7), as well as 541.152(a)(1) and 541.002(1), plus DTPA violations. Plaintiff alleges that Defendant Safeco Indemnity Company ("Safeco") also violated the afore-mentioned laws, as well as engaged in breach of contract and violations of the Prompt Pay Act – specifically, TEX. INS. CODE §§ 541.051, et seq. and 542.060.

Two years before *Gasch* in *Montes v. American Home Assurance Co.,* 2005 WL 1540170 (N. D.Tex.) (n.3*),* Judge McBryde came to the same detailed conclusion, explaining:

> Likewise, in *Universe Life Insurance v. Giles,* the Texas Supreme Court adopted the "reasonably clear" standard of Article 21.21, Section 4(10)(a)(ii) for breaches of the common law duty of good faith and fair dealing, but it also noted that the legislature, by adding Section 4(1)) to Article 21.21 in 1995, created a private right of action for unfair claims settlement practices. 950 S.W.2d 48, 55-56, 69 (Tex. 1997). **Nothing in *Universe* can reasonably be construed as limiting the duties required by Section 4(10) of Article 21.21, which was added after *Natividad* was decided**, to match those of the common law. **Given the plain language of Article 21.21, which states that "adjusters" are "person[s]" and that "[n]o" person shall engage in" the practices defined therein, defendants have failed to convince the court that an adjuster cannot be held liable for violations of Article 21.21**. Tex. Ins. Code Art. 21.21, §§2-4; *see Liberty Mut. Ins. v. Garrison Contractors,* 966 S.W.2d 482, 487 (Tex. 1998). [Emphasis supplied].

*Montes, supra* at 3.

**2.  DTPA Violations**

It is also well settled in Texas that adjusters may be liable for DTPA violations. *See, i.e., Broadway Hampton Court v. Lexington Insurance Company*,2011 WL 1230264 (S..Tex.). , citing <u>Rankin Road, Inc. v. Underwriters at Lloyds of London,</u> No. 10–2226, 2010 WL 4007619, at *3 (S.D.Tex. Oct.12, 2010); <u>Doss v. Emp' rs Ins. of Wausau,</u> No. 2:10–CV–146–J, 2011 WL 208387, at *3 (N.D.Tex. Jan.24, 2011) (citing <u>Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,</u> 966 S.W.2d 482, 484 (Tex.1998)).

### C. Plaintiff's Claims are Clear, Detailed, and Sufficiently Plead to Defeat Removal

Defendants contend that removal is proper because the claims against Richards "could not form the basis of an independent action against her as opposed to the carrier." (Safeco's Notice of Removal at p. 4, ¶ 10). However, this is contrary to appicable pleading standards, and the law.

Texas uses the fair notice pleading standard. *Warren v. State Farm Automobile Ins. Co.*, 2008 WL 413377 *4 (N.D. Tex. 2008) ; *see also Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. – Fort Worth 2004, *revs'd on other grounds*, 231 S.W.3d 389 (Tex. 2007)). The test under Texas jurisprudence for pleading sufficiency is whether an opposing attorney of reasonable competence could ascertain from the pleadings the nature and basic issues of the controversy and the probable relevant evidence. *De La Hoya*, 125 Fed. Appx. at 537-38; *Argonaut Insurance Co. v. Great American Insurance Co.*, 869 S.W.2d 537, 542-43 (Tex. App. – Corpus Christi 1993, writ denied). Texas pleading requirements are satisfied for improper joinder purposes when the Court can determine that the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Archer v. Safeco Ins. Co.*, 2005 WL 1155059*2 (S.D. Tex. 2005) (relying on *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)).

The Fifth Circuit has recently apparently held that the federal pleading standard should be applied in remand questions. *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 2016 WL 1274030, at *8. This requires the plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, under either standard Safeco and Richards have adequate notice of the claims against them, pled with sufficient factual particularity to plausibly support a potential recovery. Plaintiff's Original Petition in fact contains detailed factual allegations against Richards. Plaintiff alleged:

> Richards, a person engaged in the business of insurance, was assigned to adjust, investigate, and pay Borger's covered claim. But instead of carrying out her duties and obligations, Richards did the opposite – she failed to adjust the loss correctly, based her decision on a 10 minute investigational walk through of the property, made misleading and false claims regarding her investigation and Safeco's failure to pay his claim, and refused to pay Borger's covered loss and claim. On January 11, 2016, Borger received a letter from Safeco stating they had denied his claim because the damage was not vandalism or otherwise covered, but rather that Richards' *"investigation revealed that that the upstairs bathroom has a leak and the water softener in the garage has failed causing damages to the property."*
>
> Borger hired his own consultant who determined his loss was covered under the Policy and should be paid, finding no relevant leaks[2]. When Richards visited Borger's property, the floor to the upstairs bathroom was still covered in water, to the point that the clothes on the ground were soaked, and the water had wicked up the drywall so that the whole bathroom needed to be gutted, and yet there was no evidence of where the water was coming from. Borger's consultant confirmed that this was not consistent with *"leakage of water or steam that occurs over a period of weeks, months, or years,"* which Richards' initial denial letter stated was excluded under Borger's policy. The Borger's hired consultant[3] concluded that what Richards' observed would rather be consistent with either a toilet overflow or intentional plugging of a bath tub as an act of vandalism, both which would be covered under the Policy. Safeco demanded a copy of Borger's consultant's report but offered nothing in return – no competing report, no explanation why the report was unreliable or not credible, and/or any basis not to pay. On January 21, 2016, Borger received a second denial of their claim from Richards on behalf of Safeco, only modified in that Richards now claimed the property was not vandalized, but *"that there was a lack of cleanliness and maintenance with regards to the property."*

(See Exhibit A, Plaintiff's Original Petition, at p. 3-4).

---

[2] The only leak was outside the property and unrelated.
[3] The Original Petition mistakenly said that Borger had hired this consultant, whom was in fact hired by Defendant Safeco.

Exhibit A filed with Plaintiff's Original Petition (Borger's initial demand letter), also contains further detailed factual allegations against Richards. Plaintiff alleged:

> Our clients were astounded by your decision. Our clients were unsure as to how you determined there was a leak on the property without more than a ten minute walk through. Our clients further informed us that when you visited their property, the floor to the upstairs bathroom was still covered in water, to the point that the clothes on the ground were soaked, and the water had wicked up the drywall so that the whole bathroom needed to be gutted, and yet there was no evidence of where the water was coming from. This is not consistent with *"leakage of water or steam that occurs over a period of weeks, months, or years,"* which your initial denial letter stated was excluded under their policy. What you and they observed would rather be consistent with either a toilet overflow, which would be covered under the policy, or what our clients believe actually happened; the tenant left the bath water running and plugged the bathtub intentionally to flood the bathroom before they moved out. This contractor's report is attached hereto as Exhibit "C", which you have already received.
>
> Our clients wrote a response letter to your initial denial claim and provided you with the professional leak detection report cited above as Exhibit "C," stating there were no leaks found. However, they simply received another denial of their claim from you on January 21, 2016, only modified in that you now claimed the property was not vandalized, but *"that there was a lack of cleanliness and maintenance with regards to the property."* Our clients are confident that the property was vandalized, or negligently destroyed by specific acts of human carelessness, and your lack of thorough investigation, refusal to accept clear evidence and professional evaluations that there was no leak, and obstinate denial of their claim has led to this claim.

(Exhibit A to Plaintiff's Original Petition, at p. 2).

## D.  *Gasch* **and its Progeny, and the Present Facts: Identical facts; identical law**

Safeco asserts that it "will show there is no possibility Borger would be able to recover against Richards on the alleged facts and causes of action." Notice of Removal at 4 ¶ 11. **Safeco is flat wrong**.

The seminal case on this point remains *Gasch v. HartRichards Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007), which unequivocally clarified that insurance adjusters are potentially liable under the Texas Insurance Code if they commit wrongful acts for a "person" as defined therein. *Gasch* has been repeatedly reaffirmed by subsequent cases discussing this issue, as recently as this month. Numerous cases

have cited it in support of remand on facts similar to those now present. *See, i.e., Martinez v. State Farm Lloyds,* **2016 WL 442-7489, 2-3 (N. D. Tex. 2016) (allegations of failure to properly investigate, "outcome-oriented" investigation, and coverage misrepresentations held sufficient to support remand under federal pleading standard)**; *Sargent v. Safeco Ins. Co. of Indiana*, No. H–10–4252, 2011 WL 819492, (S.D.Tex. Mar.2, 2011) (involving allegations of failure to properly investigate and adjuster misrepresentation damage was not covered); *Navarro v. Safeco Insurance Company of Indiana et al,* No. A-12-CA-691-SS, 2012 WL 12850769, (W.D. Tex. Oct. 12, 2012*) (*Plaintiff's Original Petition alleges the adjuster "adjusted" Plaintiff's claim, including "investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.");

Texas Courts, particularly in the Northern and Western Districts, have further ordered the remand of numerous other cases with similar, and similarly detailed, factual allegations against insurance adjusters to those now at issue. In *Marten v. Winnover*, Judge Kinkeade noted that the original petition alleged that the adjuster told the plaintiff that "he was now insured by Farmers" and misrepresented the contents of documentation and the enforceability of the insurance policy. 2011 WL 4485966, *2 (N.D. Tex). Taking that fact as true (in light of the insurer's subsequent denial of coverage), the court held that that was a reasonable basis to predict that the plaintiff might be able to recover against the adjuster and remanded the case to state court. *Id*. Similarly in *Johnson v. Zurich American Ins. Co., 2011 WL 3111919, *4 (N.D. Tex.)*, the Court held that [Plaintiff's] factual allegations in his Second Amended Complaint state a plausible claim that [the adjuster] violated § 541.060(a)(2) and (a)(7). [Plaintiff] alleged that the actions of [the adjuster] were made in her individual capacity and as an agent for [the insurance company], [the adjuster]'s actions were the result of her bias towards [Plaintiff], [the adjuster] failed to conduct a reasonable and objective investigation of the facts giving rise to [Plaintiff]'s worker's compensation claim, [the adjuster] ignored evidence favorable to [Plaintiff], which violated her own company's policies,

and that the alleged omissions caused damages in the form of loss of credit standing, economic harm, and physical impairment. From the facts alleged, the court concluded they could make a reasonable inference that [the adjuster] could be independently liable to [Plaintiff] for her conduct. See also *Edwea, Inc. v. Safeco Ins. Co.*, 2010 WL 5099607*5 (S.D. Tex. 2010) (improper adjuster investigation, handling, and communications regarding hurricane damage claims;

**Recent cases on point have continued to reaffirm the propriety of remand under *Gasch* on similar pleadings and factual claims.** See, i.e., *Mehar Holdings LLC v. Evanson Ins. Co.,* 2016 WL 595-7681,4 (W.D. TX. 2016) (adjuster alleged to have failed to properly investigate claim, or reasonably explain basis for noncoverage, false representations regarding why damage not covered); and most recently in *Richard v. Geoverra Specialty Ins. Co.,* decided 11 days ago on November 3, 2016, Slip Copy, 2016 WL 652-5438 (S. D. Texas. 2016) (discussing failure to "effectuate" reasonable claim handling under the Insurance Code as encompassing investigations and communications regarding claims, and supporting independent claims against adjusters for such actions). **Notably, *Martinez v. State Farm Lloyds, supra,* at 2-3 explicitly acknowledged that allegations similar to those now at issue were sufficient to support remand under the Federal Pleadings Standard.**

Texas Courts have in fact consistently also supported remand even when factual allegations against adjusters have in fact been considerably less detailed than those plaintiff Borger presents. **In *Navarro v. Safeco Insurance Company of Indiana et al*, No. A-12-CA-691-SS, 2012 WL 12850769, (W.D. Tex. Oct. 12, 2012), this Court, Hon. Sam Sparks presiding, held that pleadings simply alleging that a Safeco adjuster "misrepresented the cause of, scope of, and cost to repair the damage" were sufficient to support remand because although the factual allegations against adjuster were thin, they still indicated to the Court there was a reasonable basis Plaintiff might recover from the adjuster in state court.**

In *Warren v. State Farm Mut. Auto Ins. Co.*, Judge Fitzwater ordered remand in a case where the factual allegations against the adjuster were much more general than those in the instant case. In *Warren*, the plaintiff alleged that:

> State Farm and Todd J. Dauper knowingly and intentionally engaged in unfair methods of competition and unfair and deceptive acts or practices in the business of insurance by engaging in Unfair Settlement Practices with respect to a claim by an insured or beneficiary including, but not limited to …

*Warren*, 2008 WL 4133377 at *4. While noting these very general allegations presented a "close question," the court observed that plaintiff's "allegation that [the defendant adjuster] was the claims adjuster responsible for his claim does implicate [the defendant adjuster] in the alleged misconduct in the processing and denial of [plaintiff's] claim for benefits." *Id.* at *5.

While noting that "many of the factual allegations in [plaintiff]'s petition that set forth the background of his claim for insurance benefits do not specifically mention" the adjuster, the court concluded that when the allegation are viewed in light of the fact that the defendant adjuster was the person who handled his claim, his petition provided a sufficient factual predicate for a claim of insurance settlement and processing violations. *Id*. at *5. The court further reasoned that because both the insurance company and adjuster were served with suit (as in the instant case), there was no improper joinder and the case was remanded to state court. *Id. See also Johnson v. Zurich American Ins. Co.*, 2011 WL 3111919, *4 (N.D. Tex.). Even when factual allegations against and adjuster were assessed as "Minimal" remand has been granted when pleadings alleged sufficient facts to simply put a Defendant on notice of the Plaintiff's claims, with a simple recitation of

factual allegations, which the court noted can be developed more fully through discovery. *See Archer v. Safeco Ins. Co.*, 2005 WL 1155059*2 (S.D. Tex. 2005)

Plaintiff in the present case has provided the specific dates of inspection by the adjuster, and has recited specific actions, and representations with respect to the adjuster (i.e. that she determined her "*investigation revealed that that the upstairs bathroom has a leak and the water softener in the garage has failed causing damages to the property.*") that are alleged as the basis for her independent liability. Plaintiff attached to his Petition (and incorporated by reference) his demand letter, which presented these allegations in even greater detail. These claims are similar to those found to support remand in *Sargent v. Safeco Ins. Co. of Indiana*, No. H–10–4252, 2011 WL 819492, (S.D.Tex. Mar.2, 2011), where the court approved of factual allegations against an adjuster similar to those found in the present case, in which the Plaintiff plead the adjuster was "assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, undervalued the damages he observed during the inspection, and that [the adjuster's] unreasonable investigation led to the underpayment of [Plaintiff's] claim," noting that there Safeco also failed to present "discrete and undisputed facts that would preclude plaintiff's recovery" against the adjuster. *Id.*

Attached hereto as Exhibit "D", in the memorandum opinion and order in *Rogers v. Allstate Indem. Co.,* 2013 WL 2182661 (N.D. Tex. May 20, 2013), where the court granted remand in a very similar case where the Plaintiff had alleged that Defendants engaged in unfair or deceptive insurance practices in the adjusting and investigation of the water damage claim under a Homeowner's policy and made similar baseless misrepresentations regarding the alleged lack of coverage. *See also, e.g., Presley v. America First Ins. Co.*, 2011 WL 486231 (S.D. Tex. 2011)

(ordering remand on similar allegations); *Edwea, Inc. v. Safeco Ins. Co.*, 2010 WL 5099607 (S.D. Tex. 2010); *Ramos v. Safeco Tex. Lloyd's*, 2010 WL 2472262 (S.D. Tex. 2010); *Fairchild v. Allstate Texas Lloyd's,* 2010 WL 2486980 (S.D. Tex. June 15, 2010*)*; *Cruz v. Standard Guar. Ins. Co.*, 2010 WL 2269846 (S.D. Tex 2010).

In short, Plaintiff has presented its claims against Defendant Richards in more than sufficient detail and factual and legal particularity to support Remand under any applicable standard.

**E.** **Defendant cites Overruled Authorities in Support of its Claims for Removal**

Defendant cites several cases expressly contrary to *Gasch* for the proposition that adjusters may not be independently liable under the insurance code for the types of allegations at issue. While somehow never mentioning *Gasch,* Defendant cites *Griggs v. State Form Lloyd's*, 181 F.3d 694, 701 (5th Cir. 1999) as establishing a standard of pleading for Plaintiffs, while ignoring that Griggs was implicitly overruled twelve years ago in *Smallwood v. Ill. Central Railroad Co.,* which in articulating the test it established explained **"we adopt this phrasing of the required proof and reject all others, whether the others appear describe the same standard are not." *Id.,* at 573** [emphasis added]**;** *See Martinez v. Great Lakes Reinsurance PLC*, 2016 WL 4371946, at 4 (W.D. Tex. 2016) Similarly, Defendants cite *Messersmith v. Nationwide Mutual Fire Ins. Co.,*, 10 F. Supp.3rd 721, 724 (N.D. Tex. 2014) for the proposition that adjuster cannot be liable under the Insurance Code for action simply connected to a carrier's coverage denial, conveniently ignoring that the *Gasch* holding has been recognized as overruling *Messersmith. See Martinez,* at 5.

### F. Safeco is a Apparently a Repeat Offender with regard to Baseless Removals

**Plaintiff notes the larger number of removal denials consistently involving Defendant Safeco Insurance Company of Indiana, as evidenced by the high number of recent reported decisions consistently involving this Defendant; only some are discussed above.**

### III. REQUEST FOR FEES AND EXPENSES PURSUANT TO 28 U.S.C.A. § 1447 (c)

**A. "Justice delayed is justice denied".**

In removal/remand practice this legal cliché is appropriate. It is self-evident that baseless removal creates a delay factor of several months from date of removal to date of ruling on the remand. (Although remand denials are much more infrequent than remands, the amount of delay is about the same). *See* Affidavit of John C. Kitchens attached as Exhibit "C". Likewise, there is a tremendous use of court and attorney resources in remand/removal practice.

Because of the "bright-line" guidelines regarding "adjuster-related" remands mandated by *Gasch,* much time and effort can be saved. This case presents the Court with the opportunity to implement the time; resource and cost saving benefits the *Gasch* decision provides. The application of 28 U.S.C.A. § 1447 (c) and the award of costs and expenses will help reduce removal of insurance bad faith cases where there is no "objectively reasonable basis" for removal.

**B. Lack of an "objectively reasonable basis for removal".**

The United States Supreme Court has set forth the following rule regarding the reward of fees pursuant to 28 U.S.C.A. § 1447 (c):

"We hold that, absent unusual circumstances, attorney's fees should not be awarded when then removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corporation,* 546 U.S. 132, 136 (2005).

Here, Safeco does lack any objectively reasonable basis for Removal, given the following untrue claims on which it relies –

1. Safeco demonstrates a lack of an objectively reasonable basis to removal by falsely stating in its Notice of Removal:

"Plaintiff has not pled any factual allegations regarding Defendant Richards that could form the basis of an independent cause of action against her as opposed to the carrier." P. 4 ¶ 10.

2. Safeco demonstrates a lack of an objectively reasonable basis for removal by falsely stating:

"Plaintiff does not identify any false, misleading or deceptive acts by Richards. Thus, Plaintiff has filed suit against Richards for the same reason that Plaintiff filed suit against Safeco: he is unhappy with the coverage decision on his claim. This is not sufficient to establish a reasonable probability of recovery against Richards." P. 4 ¶ 10.

3. Safeco demonstrates a lack of an objectively reasonable basis for removal by falsely stating:

"Defendant Richards is a Texas resident and was improperly joined to defeat diversity jurisdiction in this case," P. 2 ¶ 5.

4. Safeco demonstrates a lack of an objectively reasonable basis for removal by falsely stating:

"Texas law does not contemplate that adjusters like Richards will be held individually liable for the insurance carrier's decision on a claim." P. 4 ¶10.

5. Safeco demonstrates a lack of an objectively reasonable basis for removal by falsely stating:

"Defendant Richards has been improperly joined for the sole purpose of defeating diversity." P. 5 ¶ 10.

Safeco itself has demonstrated that it does not have an objectively reasonable basis for removal.

These above quotes demonstrate a disconnect with both the law as it applies after *Garrison Contractors* and *Gasch*. Misleading reliance on overruled authorities, and failure to disclose unfavorable case law, has been recognized as a basis justifying an award of attorney's fees for improper removal. *See, i.e., Johnson v. Zurich American Ins. Co.*, 2011 WL 311-1919, at 6-7 (N.

D. Texas. 2011) (approving attorney's fees award against carrier who ignored *Gasch* in arguing for removal based on superseded authorities) – and with the undisputed facts contained in the record attached to Safeco's Notice of Removal.

Safeco itself has demonstrated that it does not have an "objectively reasonable basis" for removal. Unsupported arguments as it now makes were also acknowledged by the *Johnson* Court as further establishing "Unusual Circumstances" as contemplated under 546 U.S. 132, 136 (2005).

### C. Amounts sought as costs and expenses.

Plaintiff respectfully seeks an award of reasonable attorney's fees for the time expended by John C. Kitchens and professionals under his supervision, in the research, preparation, and filing of this Motion to Remand. See Affidavit of John C. Kitchens attached as Exhibit "C".

WHEREFORE, PREMISES CONSIDERED, Plaintiff Borger prays that this cause be remanded for all further proceedings to the 353rd Judicial District Court of Travis County, Texas; and for such other and further relief to which Plaintiff Borger may be properly entitled.

### IV. PRAYER

For these reasons, Plaintiff Ted Borger asks that this Court GRANT this motion and remand this cause to the 353rd Judicial District Court of Travis County, Texas, award him reasonable Attorney's fees in preparation of this Motion, and for such further relief, at law or equity, to which Plaintiff may be properly entitled.

Respectfully Submitted,

_____/s/_____
John C. Kitchens
Texas Bar No. 00796893
Kitchens Law Firm
2901 Bee Cave Rd., Box E
Austin, Texas 78746
Tel. (512) 476-1176
Fax. (512) 476-1910
jkitchens@johnkitchenslaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2016, I electronically filed the foregoing document with the Clerk of the U.S. District Court, Western District of Texas, using the CM/ECF system which will send notification of such filing to the following:

**HANNA & PLAUT, L.L.P.**
*Catherine Hanna: channa@hannaplaut.com*
*Laura D. Tubbs: ltubbs@hannaplaut.com*
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205
ATTORNEYS FOR DEFENDANTS

/s/ John C. Kitchens
_____
John C. Kitchens